UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW DEROCHA,

                                  Plaintiff,

    v.                                                             5:22-CV-1344 (DNH/ATB)

DEWITT POLICE DEPARTMENT, et al.,

                                  Defendants.

---

MATTHEW DEROCHA, Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## DECISION AND ORDER

On January 20, 2023, this Court issued a Report-Recommendation following my initial review of plaintiff's pro se civil rights complaint pursuant to 28 U.S.C. § 1915. (Dkt. No. 5). I found that plaintiff was eligible for in forma pauperis ("IFP") status, but recommended, for the reasons stated in my opinion, that all of plaintiff's stated or imputed claims be dismissed, other than his claims for excessive force and/or failure to intervene by defendant police officers Petrie, Baum, and Dean. (*Id.*)[1] By Order dated February 6, 2023, District Judge David N. Hurd accepted my recommendations and ordered, inter alia, the dismissal of plaintiff's "overdetention" and malicious prosecution claims, with leave to amend. On March 13, 2023, plaintiff filed an amended complaint (Dkt. No. 11), which the Clerk has forwarded for my review.

    Plaintiff's amended complaint does not reassert the "overdetention" or malicious

---

[1] The court incorporates, by reference, from my prior Report-Recommendation, the factual background of the case, the applicable legal standards, and the court's reasoning supporting my findings and recommendations.

prosecution claims previously dismissed, but tersely states his three amended claims as "punitive," "emotional distress," and "excessive force/failure to intervene." (Dkt. No. 11 at 3). The first two claims might be interpreted as a statement of damages plaintiff allegedly suffered, as opposed to distinct legal claims. In my Report-Recommendation, I liberally construed plaintiff's initial complaint as suggesting a claim for intentional infliction of emotional distress. (Dkt. No. 5 at 14-15). I explained why the claim would be barred by the applicable statute of limitations and otherwise did not state a plausible claim for relief, even if the court were inclined to exercise supplemental jurisdiction over a state law claim. (*Id*.) Judge Hurd tacitly accepted my findings with respect to this imputed claim in accepting my Report-Recommendation and ruling that only plaintiff's excessive force/failure to intervene claims survived initial review. (Dkt. No. 7 at 2-3). Plaintiff's amended complaint includes no new allegations which would make a claim for intentional infliction of emotional distress viable; so, to the extent plaintiff intended to assert such an amended claim, it would be "futile."[2]

Plaintiff's amended complaint essentially repeats the allegations made in his

---

[2] Generally, an amendment to a complaint is deemed "futile" if the proposed claim could not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). Thus, to survive screening for futility, a proposed amended complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is essentially the same standard for an initial review of the sufficiency of a claim under 28 U.S.C. § 1915. (*See* Dkt. No. 5 at 2). However, the review of an amended pleading, even for futility, is typically viewed in this Circuit as a non-dispositive issue which a Magistrate Judge may address in the first instance, subject to review in the event objections to the Magistrate Judge's ruling are submitted to a District Judge. *See, e.g., Utica Mut. Ins. Co. v. Century Indem. Co.*, No. 6:13-CV-995 (DNH/ATB), 2015 WL 3429116, at *2 (N.D.N.Y. May 11, 2015).

original complaint that the court confirmed stated a plausible claim for excessive force and/or failure to intervene, and plaintiff now explicitly lists that as one of his claims. So, those claim against defendants Petrie, Baum, and Dean may now proceed. Any other claims arguably suggested by plaintiff's scattered factual statements in the amended complaint are futile and may not proceed.[3]

---

[3] One of the many extraneous statements in plaintiff's amended complaint is that the defendant officers "had to have a reason to search my car[;] they did not have one at the time until they made charges up so that's illegal search and seizure but I lost with resisting arrest at trial so they got away with it . . . ." (Dkt. No. 11 at 4). Plaintiff did not list a Fourth Amendment illegal search and seizure as one of the claims in his original complaint or his amended complaint. Plaintiff alleges that the officers "looked in the backseat of [his] car [and saw] copper," and then the officers asked "where it came from." (Dkt. No. 11 at 5). Plaintiff speculates that, when he refused to provide information about the "friends" who purportedly gave him the copper, the officers suspected that the copper was stolen and towed his car "pending an investigation." (*Id.*) Plaintiff does not make clear whether the defendant officers observed the copper in his back seat in plain view through the car windows, or if and how they actually entered and searched his vehicle. Plaintiff does not claim that he was ever charged in connection with the copper in his possession; he was arrested for harassment, assault, and resisting arrest, and convicted of the latter charge. (Dkt. No. 11 at 6). Fed. R. Civ. P. 8(a)(2) requires that even a pro se complaint must provide "fair notice" of the nature of plaintiff's claims, which "has the important purpose of 'enabl[ing] the adverse party to answer and prepare for trial' and 'facilitat[ing] a proper decision on the merits' by the court." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 390-91 (N.D.N.Y. 2013) (citations omitted). Plaintiff's speculative and conclusory allegations do not provide fair notice of a plausible illegal search and seizure claim. To the extent he intended to assert such a claim in his amended complaint, it would be futile. As I noted in my prior Report-Recommendation, because plaintiff admittedly had an expired driver license, the officers legally towed his car, and did not violate his constitutional rights. (Dkt. No. 5 at 3, n.2). After seizing plaintiff's car, an inventory search of the vehicle by the police would have been constitutional. *See, e.g., United States v. Williams*, 930 F.3d 44, 53 (2d Cir. 2019) ("The Supreme Court has long recognized that when police 'take a vehicle into custody, they may search the vehicle and make an inventory of its contents without need for a search warrant and without regard to whether there is probable cause to suspect that the vehicle contains contraband or evidence of criminal conduct.'") (citations omitted). Thus, ultimately plaintiff's car would have been subject to a constitutional inventory search. So, even if the officers had conducted some sort of illegal search earlier, plaintiff could not establish that any injury to him was caused by the prior search. *See, e.g., Gierlinger v. Gleason*, 160 F.3d 858, 872 (2d Cir. 1998) (in all § 1983 cases, the plaintiff must prove that the defendant's wrongful conduct was a proximate cause of the plaintiff's injury"); citing, inter alia, *Warner v. Orange County Department of Probation*, 115 F.3d 1068, 1071 (2d Cir.1996) ("in cases brought under § 1983 a superseding cause, as traditionally understood in common law tort doctrine, will relieve a defendant of liability").

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's IFP application (Dkt. No. 3) is **GRANTED**,[4] and it is further

**ORDERED**, that plaintiff's amended complaint (Dkt. No. 11) shall become the operative complaint in this action, but only the use of excessive force and/or failure to intervene claims against defendants Jared Petrie, Justin Baum, and James Dean are viable and may proceed, and it is further

**ORDERED**, that the Clerk shall issue a summons for each defendant and forward them, along with a copies of the complaint, this Decision and Order, and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the named defendants, and it is further

**ORDERED**, that a formal response to plaintiff's amended complaint be filed by the defendants or defendants' counsel as provided in the Federal Rules of Civil Procedure, subsequent to service of process on the defendant, and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 conference before me, and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of

---

[4] The Court notes that although plaintiff's IFP application has been granted, plaintiff will still be required to pay fees that he may incur in the future regarding this action, including but not limited to copying and/or witness fees.

the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **<u>Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.</u>**   Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with the Local Rules of the Northern District of New York in filing motions.  **<u>Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action</u>**; and it is

     **ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the plaintiff by regular mail.

Dated: April 3, 2023

                                                      Hon. Andrew T. Baxter
                                                      U.S. Magistrate Judge